**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-cv-01889-REB-CBS

RODOLFO LLACUA, et al.,

    Plaintiffs,

  v.

WESTERN RANGE ASSOCIATION, et al.,

    Defendants.

---

**DEFENDANTS NOTTINGHAM LAND AND LIVESTOCK, LLLP'S
AND TWO BAR SHEEP CORPORATION, LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

---

Defendants Nottingham Land and Livestock, LLLP ("Nottingham") and Two Bar Sheep Co LLC[1] ("Two Bar") move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim against them. Plaintiffs name Nottingham and Two Bar as Defendants only with respect to Count I, which is brought under Section 1 of the Sherman Act, 15 U.S.C. § 1.

**Introduction**

In the First Amended Complaint ("FAC" or "Amended Complaint"), Plaintiffs purport to represent a class of shepherds in asserting antitrust, civil RICO, and other claims against a group of defendants. In doing so, Plaintiffs devote considerable ink to the

---

[1] The Amended Complaint identifies "Two Bar Sheep Corporation LLC" as a Defendant. No entity with that name appears to exist in Colorado according to the Colorado Secretary of State's database. Plaintiff addressed service to a "Two Bar Sheep Co., LLC". The correct name of the entity is "Two Bar Sheep Co LLC".

organization of the sheep ranching industry in general. They also describe the actions of the two trade association defendants, Western Range Association and Mountain Plains Agricultural Service, in some detail. But, there are no meaningful allegations, well pleaded or otherwise, about Nottingham or Two Bar anywhere in the First Amended Complaint. Indeed, Nottingham and Two Bar are not even mentioned by name in any of the allegations concerning the conspiracy claim asserted against them. (First Am. Compl. ("FAC") ¶¶ 68-74, 173-87.) They each appear to have been picked at random and simply dropped into the Amended Complaint as defendants—Plaintiffs make no effort to connect them to the purported misconduct described.

Although it is not alleged anywhere in the Amended Complaint, Nottingham and Two Bar run independent sheep ranching operations near Craig, Colorado. Plaintiffs have asserted a Sherman Act Section 1 claim against them, alleging that they have participated in a conspiracy to set artificially low wages. This claim fails as plead for at least three reasons.

First, as noted above, there are no well-plead allegations at all about Nottingham or Two Bar. The allegations must independently support a claim against each defendant. Here, Plaintiffs have not plead any meaningful facts about the business or activities of either Nottingham or Two Bar. Second, the conspiracy allegations are insufficient to survive the standard established in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007), because the allegations do not establish anything more than expected, legal parallel conduct. The mere payment of a minimum wage set by the federal government is a rational independent act and, without more, cannot support the conclusion that

Nottingham or Two Bar participated in a conspiracy. Any rational economic actor would pay the minimum required to obtain competent employees. And, finally, participation in the Department of Labor's H-2A program cannot be the basis for antitrust liability under *Parker v. Brown*, 317 U.S. 341, 352 (1943) and its progeny.

Plaintiffs' allegations against Nottingham and Two Bar in the Amended Complaint are so bereft of content, it is logical to assume they have nothing more they can say. Under the circumstances, this Court should dismiss the claim against Nottingham and Two Bar with prejudice.

## Argument

### I. Plaintiffs' claim is altogether unsupported by allegations of fact concerning Nottingham and Two Bar.

This Court is familiar with the pleading standards under Rule 12(b). A plaintiff must frame a "'complaint with enough factual matter (taken as true) to suggest'" that he is entitled to relief. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) (quoting *Twombly,* 550 U.S. at 556). In considering a motion under Rule 12(b)(6), courts must distinguish between well-pleaded factual allegations and unsupported conclusory allegations and give weight only to the former. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal quotations and citations omitted). In cases with multiple defendants, like this one, the allegations must support the conspiracy claim against each defendant. *See In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp.2d 709, 718 (E.D. Pa. 2011); *In*

3

*re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp.2d 1109, 1117 (N.D. Cal. 2008); *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp.2d 119, 161 (D.D.C. 2004).

To maintain a Section 1 claim, Plaintiffs must allege facts establishing that Nottingham and/or Two Bar entered into a contract, combination, or conspiracy that unreasonably retrains trade in a relevant market. *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992). Here, the well-pleaded allegations concerning Nottingham and Two Bar are insufficient to establish even the first element—that they entered into a "contract, combination, or conspiracy."

Plaintiffs have filed a 42-page amended complaint with 220 paragraphs of allegations. Most of it is a general description of the sheep ranching industry. To the extent there is any detail, it is about Western Range Association and Mountain Plains Agricultural Service, the trade association defendants. There is virtually nothing in the Amended Complaint about either Nottingham or Two Bar. Nottingham is mentioned in only two paragraphs, both of which relate only to its identity, location, organization, and trade association membership:

- Defendant Nottingham Land and Livestock, LLLP is a Colorado Limited Liability Limited Partnership, with its principal place of business in Craig, Colorado. Defendant Nottingham Land and Livestock, LLLP is or was a member of the WRA. (FAC ¶ 17.)

- Defendants Nottingham Land and Livestock, LLLP and Dennis Richins DBA Dennis Richins are or were members of the WRA. (*Id.* ¶ 55.)

Similarly, Two Bar is mentioned in only to paragraphs, with the same type of content:

- Defendant Two Bar Sheep Corporation, LLC, is a Colorado Limited Liability Corporation with its principal place of business in Craig, Colorado. Defendant Two Bar Sheep Corporation, LLC is or was a member of the WRA and the MPAS. (*Id.* ¶ 18.)

4

- Defendants Martin Auza Sheep Corporation; Two Bar Sheep Corporation, LLC; Ball Brothers Sheep Company; Estill Ranches, LLC; Cunningham Sheep Company; and Child Ranch, LLC are or were members of both the WRA and the MPAS. (*Id.* ¶ 54.)

Those are the **only** allegations specific to these Defendants in the Amended Complaint. Plaintiffs fail to allege any details about Nottingham and Two Bar at all, much less details supporting their participation in an illegal agreement. **Plaintiffs do not even allege the most basic facts necessary to support their claim against Nottingham and Two Bar**—even including basic information like they operate sheep ranches and hire H-2A shepherds.

The only fact alleged about either Nottingham or Two Bar is that they "are or were" members of a trade organization defendant. Mere participation in trade association activity, however, is insufficient to support a Section 1 claim. *See, e.g.*, *Twombly*, 550 U.S. at 567, n.12; *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 349 (3d Cir. 2010) ("neither defendants' membership in the [association], nor their common adoption of the trade group's suggestions, plausibly suggest conspiracy"); *In re Text Messaging Antitrust Litig.,* 46 F. Supp. 3d 788, 806 (N.D. Ill. 2014) aff'd, 782 F.3d 867 (7th Cir. 2015); *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp.2d at 722; *LaFlamme v. Societe Air France,* 702 F. Supp. 2d 136, 148 (E.D.N.Y. 2010) ("membership and participation in a trade association alone does not give rise to a plausible inference of illegal agreement"); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md 2143 RS, 2011 WL 3894376, at *9 (N.D. Cal. Aug. 3, 2011) ("Allegations that defendants participate in

industry trade associations and attended trade shows represent particularly weak support for the existence of any conspiracy.").

Because Plaintiffs assert no well-pleaded factual allegations about Nottingham or Two Bar at all, the claim against them should be dismissed.

## II. Plaintiffs' Sherman Act Section 1 conspiracy claim fails because it is premised on circumstantial evidence of activity that amounts to nothing more than permissible parallel conduct.

Even if Plaintiffs had pleaded specific facts concerning the business of Nottingham or Two Bar, the Section 1 claim would not survive Rule 12(b) because it is based on allegations of activity that are nothing more than legal parallel conduct.

An illegal agreement under Section 1 may ultimately be proven either by direct evidence of communications and an agreement between the defendants or by circumstantial evidence of conduct that negates the likelihood of independent action and raises an inference of coordination. *See Brown v. Pro Football, Inc.,* 518 U.S. 231, 241 (1996). The mere fact that defendants engaged in parallel conduct, however, is not sufficient to establish a Sherman Act violation:

> While a showing of parallel business behavior is admissible circumstantial evidence from which the fact finder may infer agreement, it falls short of conclusively establishing agreement or itself constituting a Sherman Act offense. Even conscious parallelism, a common reaction of firms in a concentrated market that recognize their shared economic interests and their interdependence with respect to price and output decisions[,] is not in itself unlawful.

*Twombly,* 550 U.S. at 553–54.

Therefore, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to state an antitrust claim. *Id.* at 556. Instead, allegations of parallel conduct

6

"must be placed in a context that raises a suggestion of a preceding agreement." *Id.* at 557. Examples of allegations that plausibly raise an inference of agreement include "parallel behavior that would probably not result from chance, coincidence, independent responses to common stimuli, or mere interdependence unaided by an advance understanding among the parties"; "conduct that indicates the sort of restricted freedom of action and sense of obligation that one generally associates with agreement"; and "complex and historically unprecedented changes in pricing structure made at the very same time by multiple competitors, and made for no other discernible reason" than to conform to a prior agreement. *Id.* at 556 n.4 (internal citations and quotations omitted).

Here, we have the opposite. It is perfectly logical that sheep ranchers would offer the lowest wage permitted by law for as long as qualified shepherds continue to agree to work on those terms. Indeed, one would expect employers to react to a minimum wage set by the government in exactly this way as long as they continued to attract competent workers at the price. Plaintiffs here allege facts comparable to the local market for entry-level fast food employees (or other comparable positions) in many areas. It is not unusual for fast food restaurants to pay employees the minimum wage as set by local law. The fact that many or all of them do this is not evidence of an agreement or conspiracy, but rather evidence of "independent responses to common stimuli."

For this reason, the fact that Nottingham and/or Two Bar paid its shepherds no more than minimum wage,[2] without more, would not be sufficient evidence of participation in a conspiracy to survive a motion to dismiss. *Twombly,* 550 U.S. at 557 ("[A] conclusory

---

[2] Which Plaintiffs do not allege (and which is not true in any event).

allegation of agreement at some unidentified point does not supply facts adequate to show illegality."); *Insulate SB, Inc. v. Advanced Finishing Systems, Inc.*, 797 F.3d 538, 544 (8th Cir. 2015) ("Pleading only parallel conduct or other conduct merely consistent with an agreement is not sufficient to show a conspiracy.") (internal quotations omitted); *Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 136 (2d Cir. 2013) ("Generally, however, alleging parallel conduct alone is insufficient, even at the pleading stage. This is *Twombly's* contribution."); *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867-68 (6th Cir. 2012); *In re Elevator Antitrust Litig.,* 502 F.3d 47, 51 (2d Cir. 2007) (per curiam).

Because the Plaintiffs have not plausibly plead the elements of an antitrust conspiracy as to Nottingham or Two Bar, the Court should dismiss the claim against them.

### III. Mere compliance with the Department of Labor's H-2A program cannot be the basis of antitrust liability.

The government can adopt anticompetitive regulations. *Parker*, 317 U.S. at 341.[3] A private actor is immune from antitrust liability when following government action. *See, e.g.*, *Sessions Tank Liners, Inc. v. Joor Mfg., Inc.*, 17 F.3d 295, 298 (9th Cir. 1994) ("Because the injuries [plaintiff] complains of are the result of government action, [defendant] is shielded … from liability under the antitrust laws.").

---

[3] Similarly, to the extent the allegations relate to efforts to influence government action, they cannot provide a basis for antitrust liability under the *Noerr-Pennington* doctrine. *See, e.g., Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961).

*Parker* applies when the challenged restraint is (1) "clearly articulated and affirmatively expressed as state policy" and (2) "actively supervised" by the State. *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105, (1980). The Department of Labor establishes minimum wages for shepherds who come into the country to work through H-2A visas. This is a clear and actively supervised expression government policy. For this reason, Nottingham and Two Bar are immune from antitrust liability under *Parker* with respect to their participation in the H-2A program.

## Conclusion

For these reasons, the Court should dismiss the claim against Nottingham Land and Livestock and Two Bar Sheep Corporation with prejudice.

Date: November 11, 2015          Respectfully submitted,

*s/ Kenneth F. Rossman, IV*
LEWIS ROCA ROTHGERBER LLP
Justin D. Cumming
Kenneth F. Rossman, IV
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
303.623.9000
krossman@lrrlaw.com

**Attorneys for Defendants Nottingham Land and Livestock, LLLP and Two Bar Sheep Corporation LLP**

## Certificate of Service

I certify that on this 11th day of November, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

| | |
|---|---|
| **David Hollis Seligman**<br>**Dermot William Lynch**<br>**Alexander Neville Hood**<br>Towards Justice-Denver<br>1535 High Street<br>Suite 300<br>Denver, CO 80218<br>david@towardsjustice.org<br>dermot@towardsjustice.org<br>alex@towardsjustice.org<br>Counsel for Plaintiffs | **Amber J. Munck**<br>**Naomi G. Beer**<br>Greenberg Traurig, LLP-Denver<br>1200 17th Street<br>The Tabor Center<br>Suite 2400<br>Denver, CO 80202<br>MunckA@gtlaw.com<br>beern@gtlaw.com<br>Counsel for Defendant Western Range Association |
| **Elizabeth K. Dorminey**<br>**James Larry Stine**<br>**Raymond Perez , II**<br>Wimberly Lawson Steckel Schneider & Stine, P.C.<br>3400 Peachtree Road Northeast<br>Lenox Towers<br>Suite 400<br>Atlanta, GA 30326<br>ekd@wimlaw.com<br>jls@wimlaw.com<br>rp@wimlaw.com<br>Counsel for Defendant Mountain Plains Agricultural Service | **Bradford Joseph Axel**<br>**Brendan Victor Monahan**<br>Stokes & Lawrence, P.S.<br>1420 Fifth Avenue<br>Suite 3000<br>Seattle, WA 98101<br>bja@stokeslaw.com<br>monahan@stokeslaw.com<br>Counsel for Defendant Cunningham Sheep Company |
| **Billie Jean Siddoway**<br>Siddoway Law Office<br>P.O. Box 704<br>Driggs, ID 83422<br>bsiddoway@siddowaylaw.com<br>Counsel for Dennis Richins | |

                                        *s/ Kenneth F. Rossman, IV*
                                        LEWIS ROCA ROTHGERBER LLP
                                        Kenneth F. Rossman, IV