IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01889-REB-CBS

RODOLFO LLACUA;
ESLIPER HUAMAN;
LEOVEGILDO VILCHEZ GUERRA;
LIBER VILCHEZ GUERRA; and
RAFAEL DE LA CRUZ;

    Plaintiffs;

v.

WESTERN RANGE ASSOCIATION;
MOUNTAIN PLAINS AGRICULTURAL SERVICE;
MARTIN AUZA SHEEP CORPORATION;
NOTTINGHAM LAND AND LIVESTOCK, LLLP;
TWO BAR SHEEP CORPORATION, LLC;
BALL BROTHERS SHEEP COMPANY;
ESTILL RANCHES, LLC;
CUNNINGHAM SHEEP COMPANY;
DENNIS RICHINS d/b/a/ DENNIS RICHINS LIVESTOCK;
and CHILD RANCH, LLC;

    Defendants.

---

MOTION TO DISMISS CLAIMS AGAINST
CHILD RANCH, LLC; ESTILL RANCHES, LLC; AND
DENNIS RICHINS d/b/a DENNIS RICHINS LIVESTOCK

---

Defendants Child Ranch, LLC; Estill Ranches, LLC; and Dennis Richins d/b/a Dennis Richins Livestock (collectively the "Ranch Defendants") respectfully move to dismiss the claims asserted against them in the Plaintiffs' First Amended Complaint.

The reasons for this motion are as follows:

A. The Ranch Defendants are not subject to personal jurisdiction in the District of Colorado, which requires dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

B. Venue is not proper in the District of Colorado, requiring transfer or dismissal under Rule 12(b)(3).

C. Plaintiffs have failed to effect service of process on Child Ranch or Estill Ranches, requiring dismissal under Rule 12(b)(5).

D. Plaintiffs have failed to join an indispensable party – the United States Department of Labor ("DOL") – requiring dismissal under Rule 12(b)(7).

E. Plaintiffs have failed to state a claim upon which relief may be granted requiring dismissal under Rule 12(b)(6). The Amended Complaint alleges that the Ranch Defendants are members of one or more associations that allegedly fix prices. However, that affiliation alone is insufficient to create antitrust liability. Parallel conduct by the associations is also insufficient to establish liability. Moreover, Plaintiffs failure to identify the time, place of persons in the purported conspiracy is fatal to the antitrust claim.

For these reasons, as discussed more fully below, the claims against the Ranch Defendants should be dismissed. In the alternative, if a response from the Ranch Defendants is required, Plaintiffs should be required to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

Page 1

## I.   INTRODUCTION

Child Ranch, Estill Ranches and Dennis Richins raise lamb and wool in Wyoming, Nevada and Utah, respectively.[1] Sheep ranches in these states generally follow traditional transhumance flock migration patterns from desert lowlands in winter to high mountain meadows in summer. Sheepherders work with the sheep throughout this migration – moving them to new feed, administering to their injuries, and protecting them from predators. Sheepherders also care for guard dogs, herding dogs and horses. Herding sheep is a skilled and unusual job. Experienced sheepherders are hard to find in the United States.[2]

The Complaint alleges that some sheep ranches utilize experienced foreign sheepherders employed by Western Range Association, engaged by Mountain Plains Agricultural Service, or hired by individual ranches. Congress authorized a program to provide work permits to foreign sheepherders. The DOL promulgates regulations and administers the program.[3] The governing regulations allow ranchers to individually obtain work authorization for particular foreign workers or work collectively through cooperative employment associations like Western Range and Mountain Plains.[4] Ranches are generally exempt from federal minimum wage requirements.[5] However,

---

[1] Notably, the Ranch Defendants do not operate in Colorado.

[2] Plaintiffs allege that there are only 18 domestic sheepherders left in the United States. (Am. Compl. ¶ 65.)

[3] *See* 20 C.F.R. §§ 655.100 *et seq.*; 80 Fed. Reg. 62,958 (issued Oct. 16, 2015); 76 Fed. Reg. 47,256 (issued Aug. 4, 2011).

[4] *See* 20 C.F.R. § 655.131.

[5] *See* 29 U.S.C. § 213 (a) (6) (E).

DOL regulations require that ranchers who utilize foreign sheepherders pay a minimum wage and provide room and board to both foreign and domestic workers.[6] Ranches which employ only domestic workers are not subject to the minimum wage requirement.[7]

Plaintiffs' sole claim against the Ranch Defendants is that many help wanted listings and applications for sheepherders offer to pay potential employees the minimum wage. Plaintiffs do not particularly allege that any of the Ranch Defendants offer or pay only the minimum wage. Plaintiffs appear to allege that the Ranch Defendants, by virtue of their association with Western Range or Mountain Plains, are restricted to pay the minimum wage. Yet Plaintiffs have made no allegation of any express or implicit agreement, identified parties to the agreement, or identified over what duration the purported agreement was in effect. Furthermore, Plaintiffs have not alleged contacts between the Ranch Defendants and this jurisdiction nor shown the propriety of venue. Plaintiffs have not shown a relationship between any of the Plaintiffs and the Ranch Defendants. For these many reasons, and others, the claims Plaintiffs have asserted against the Ranch Defendants should be dismissed.

---

[6] *See* 20 C.F.R. § 655.120(a).
[7] 29 U.S.C. § 213 (a) (6) (E).

## II.  ARGUMENT

Federal Rule of Civil Procedure 12 authorizes motions to dismiss. When motions are offered under subparts 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for lack of venue, and 12(b)(5) for insufficient service, the Court may consider evidence outside of the pleadings. *See, e.g., Home-Stake Production Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1016-1017 (10th Cir.1990). Motions to dismiss for failure to state a claim under Rule 12(b)(6) are generally limited to the "well-pleaded factual allegations" of the Complaint. *See, e.g., Ashcroft v. Iqbal*, 566 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### A. The District of Colorado does not have jurisdiction over Child Ranch, Estill Ranches or Richins.

The Ranch Defendants seek dismissal for lack of personal jurisdiction under Rule 12(b)(2). The Due Process Clause of the Fifth Amendment protects a defendant from litigation in a forum with which he has no meaningful contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed 2d 528 (1985). Plaintiffs bear the burden of establishing personal jurisdiction. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004), *cert. denied*, 544 U.S. 974, 125 S.Ct. 1826, 161 L.Ed. 2d 723 (2005). The presence of one alleged conspirator in a jurisdiction does not confer personal jurisdiction over the other defendants. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007). The requirement of minimum contacts must be met as to each defendant. *Id.*

Specific jurisdiction is a two-step inquiry. *Benton*, 375 F.3d 1075. First, plaintiff must show that the defendant's contact with the forum is such that he should reasonably anticipate being haled into court there. *Id.* Second, if there are sufficient minimum contacts, plaintiff must show that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* Plaintiffs cannot meet this two-step burden for Child Ranch, Estill Ranches or Dennis Richins.

Child Ranch is a Wyoming limited liability company doing business in Wyoming. (J. Child Decl. at ¶ 3.) The Amended Complaint does not make a *prima facie* showing that Child Ranch has any contacts with Colorado. (*See* Am. Compl.) Child Ranch does not operate in Colorado. (J. Child Decl. at ¶ 4.) Child Ranch does not employ any of the Plaintiffs. (J. Child Decl. at ¶¶ 5-6.) According to the Amended Complaint, the Plaintiffs are employed by Western Range and Mountain Plains. (Am. Compl. ¶¶ 9-13.) Child Ranch did not enter any agreement or conspiracy to fix wage rates while in Colorado or any other location. (J. Child Decl. at ¶ 7.) Child Ranch did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (J. Child Decl. at ¶ 8.) Child Ranch does not have minimum contacts with Colorado to support personal jurisdiction.

Estill Ranches is a Nevada limited liability company doing business in Nevada and California. (J. Estill Decl. at ¶¶ 3-4.) The Amended Complaint does not make a *prima facie* showing that Estill Ranches has any contacts with Colorado. (*See* Am. Compl.) Estill Ranches does not employ and has not employed any of the Plaintiffs. (J. Estill Decl. at ¶ 8.) Estill Ranches does not pay the wage rate purportedly agreed upon

by the alleged conspirators. (J. Estill Decl. at ¶¶ 9-10.) Estill Ranches currently pays its sheepherders at least $1,600 per month. (J. Estill Decl. at ¶ 10.) Estill Ranches did not enter any agreement or conspiracy to fix wage rates while in Colorado or any other location. (J. Estill Decl. at ¶ 11.) Estill Ranches did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (J. Estill Decl. at ¶¶ 12-13.) Estill Ranches does not have minimum contacts with Colorado to support personal jurisdiction.

Dennis Richins is an individual residing in Utah. (D. Richins Decl. at ¶ 2.) The Amended Complaint does not make a *prima facie* showing that Richins has any contacts with Colorado. (*See* Am. Compl.) Richins operates a sheep ranch in Utah, and he does not operate in Colorado. (D. Richins Decl. at ¶¶ 3-4.) Richins does not employ any of the Plaintiffs. (D. Richins Decl. at ¶ 5; Am. Compl. ¶¶ 9-13.) Richins did not enter any agreement or conspiracy to unlawfully fix wage rates while in Colorado or any other location. (D. Richins Decl. at ¶ 6.) Richins did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (D. Richins Decl. at ¶ 7.) Plaintiff has not shown and cannot show that Richins has minimum contacts with Colorado.

Because the Ranch Defendants do not have minimum contacts with Colorado, the claims against them should be dismissed under the first prong of the *Benton* test.

However, even if we were to proceed to the second prong, the exercise of jurisdiction against the Ranch Defendants would offend traditional notions of fair play and substantial justice. This inquiry involves five balancing factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998).

The only relationship between the claim against the Ranch Defendants and the forum is that one plaintiff, Rodolfo Llacua, now resides in Colorado. (Am. Compl. ¶ 9.) The Amended Complaint does not allege that this plaintiff has any relationship with the Ranch Defendants. (*See* Am. Compl.) None of the Ranch Defendants employed Llacua. (Am. Compl. ¶ 9.) The Amended Complaint does not allege that Llacua entered an employment agreement while in Colorado, performed work in Colorado, or suffered any injury in Colorado. The Amended Complaint requires interpretation of the Constitution of Nevada, which should be left to the courts of that state. Plaintiffs have not made a *prima facie* showing that the state of Colorado has any interest in this action. Moreover, in light of the rural nature of defendants' domicile and the demands of their work, it will be unfair to require the Ranch Defendants to appear and defend in a distant forum with which they have no meaningful contacts. Notions of fair play and substantial justice require that the claims against Child Ranch, Estill Ranches and Richins be dismissed.

### B. Venue is not proper in the District of Colorado.

Plaintiff bears the burden of making a *prima fac*ie showing that venue is proper. *Karl W. Schmidt & Assoc., Inc. v. Action Envt'l Solutions LLC*, No. 14-cv-907, 2014 WL 6617095, *2 (D. Colo. Nov. 21, 2014) (unpublished decision) (quoting *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996) ("Once venue is attached, the plaintiff bears the burden to show proper venue"). Plaintiffs assert venue generally under 28 U.S.C. § 1391, which includes three sub-parts. (Am. Compl. ¶ 8.) Venue is not proper under Section 1391(b)(1), because Defendants are not all residents of Colorado. (*See* Am. Compl. ¶¶ 14-23.) Venue is not proper under Section 1391(b)(2), because Plaintiffs have not alleged that any events took place in Colorado.[8] (*See* Am. Compl.) That leaves Section 1391(b)(3), which states:

> If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The fallback provision of Section 1391(b)(3) is only available in the rare case where defendants reside in different states and a substantial part of the alleged events did not arise anywhere in the United States. Charles Alan Wright, Arthur R. Miller, *et al.*, 14D Fed. Prac. & Proc. Juris. § 3806.1 (4th ed.). Defendants reside in different states.

---

[8] Plaintiffs allege that Defendants, collectively, have "suppressed the wages of Plaintiffs residing in Colorado" and that "many of the Defendants and Plaintiffs are located in, or do business in Colorado," but Plaintiffs identify no events that took place in Colorado. (*See* Am. Compl. ¶¶ 8, 130, 144, 158.) Moreover, referring to defendants collectively is insufficient. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint alleging that "'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged").

However, there are other venues where a substantial part of the alleged events giving rise to Plaintiffs' claims were likely to have occurred.

"[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim the 'focus [is] on relevant activities of the defendant, not the plaintiff.'" *Golf v. Hackett Stone Co.*, No. 98-7137, 1999 WL 397409, *1 (10th Cir. June 17, 1999) (unpublished decision). The Amended Complaint in this case is bare of any allegations of actual "events" or "activities" of Defendants. For example, Plaintiffs do not state where Defendants entered the alleged conspiracy, where Defendants entered employment agreements with Plaintiffs, or where Plaintiffs were employed. What Plaintiffs do allege is that they were employed by Western Range, located in Utah, or Mountain Plains, located in Wyoming. (Am. Compl. ¶¶ 9-15.) Plaintiffs contend that the ranchers colluded through Western Range and Mountain Plains to fix wages, and that Western Range and Mountain Plains are the "instruments of anticompetitive conduct". (*See,* Am. Compl. ¶¶ 28, 29, 40.)[9]

Defendants cannot provide declarations to contradict the purported location of the conspiracy, because there is no conspiracy. However, accepting the allegations of the Plaintiffs as true, the instrumentalities of the alleged conspiracy are in Utah in Wyoming. Because venue may be found in either of those jurisdictions under 28 U.S.C. § 1391(b)(2), venue may not lie in Colorado under the fallback provision of 28 U.S.C. § 1391(b)(3).

---

[9] Plaintiffs also raise issues about the applicability of a provision of the Nevada Constitution, which would best be addressed by the Court of Nevada. (*See* Am. Compl. ¶¶ 112-18.)

### C. The claims against Child Ranch should be dismissed for insufficient service of process.

Plaintiffs purport to have served Child Ranch with a Summons and Complaint by personal service to Jon Child at his residence on the morning of October 9, 2015. (*See* Return of Service.*)* Child Ranch has not made any effort to avoid service. (J. Child Decl. ¶ 10.) However, Jon Child was tagging sheep and was not at the residence that morning. (J. Child Decl. ¶ 12.) Jon's spouse Vickie was tagging sheep with him. (J. Child Decl. ¶ 12.) None of Jon's family members were at the house on the morning of October 9. (J. Child Decl. ¶ 12.) Based on the lack of service, the claims against Child Ranch should be dismissed under Federal Rule of Civil Procedure 12(b)(5).

### D. Plaintiffs have failed to join the Department of Labor.

An indispensable party is one without whom "in equity and good conscience" the action should not proceed. *Manygoats v. Kleppe*, 558 F.2d 556, 558 (10th Cir. 1977). *See also State of New Mexico v. Backer*, 199 F.2d 426, 429 (10th Cir. 1952) (dismissing a case where the Secretary of Interior was an indispensable party who had not been joined). Plaintiffs allege that the DOL promulgates regulations, establishes the minimum wage, and accepts applications for foreign sheepherders working in the United States. (*See, e.g.,* Am. Compl. ¶¶ 44, 49, 52, 53, 64, 75, 106.) Under the DOL regulatory framework, "[e]very job order accompanying an application for temporary employment certification must include each of the minimum benefit, wage and working condition provisions" identified in that section. 20 C.F.R. § 655.122. The only factual allegation supporting Plaintiffs antitrust claim is that many publically available job orders and applications for sheepherders offer the minimum wage. The DOL establishes the wage

rate and requires its inclusion in job orders and applications. The Plaintiffs are essentially challenging this regulatory framework. It is not a framework over which the Ranch Defendants have no control, and it is not equitable that the Ranch Defendants be required to defend those regulations here. In the absence of the DOL, the action should be dismissed under Federal Rule of Civil Procedure 12(b)(7).

### E. Plaintiffs have failed to state a claim against the Ranch Defendant for which relief may be granted.

To survive a motion to dismiss in an antitrust action, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. This requires more than "naked assertions devoid of further factual enhancement." *Id*. A complaint can be framed by legal conclusions, but they must be supported by factual allegations. *Id*. The factual allegations of a complaint "must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678, 129 S. Ct. at 1949. Plaintiffs assert a claim against the Ranch Defendants for violating the Sherman Act, 15 U.S.C. §§ 1*, et seq*. However, the factual allegations against the Ranch Defendants do not make the claim plausible.

### 1. Association membership does not support a claim against Child Ranch, Estill Ranches or Richins.

The sole claim against the Ranch Defendants is based on their alleged affiliation with Western Range or Mountain Plains. (*See* Am. Compl. ¶¶ 68-74.) Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts are not sufficient to require a party to defend an antitrust action. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Mere participation in a trade association by competitors does not establish an unlawful conspiracy. *Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 374 (7th Cir. 1990). Even if an organization is engaged or potentially engaged in price fixing, the allegations against the organization's members must show more than mere membership or affiliation. *Kline v. Coldwell Banker & Co.*, 508 F.2d 226, 232 (9th Cir. 1974) (stating that although "the Association is itself a sort of continuing agreement by which the fixing of prices might be effectuated . . . [t]his does not mean . . . that every member of the Association, by reason of his membership alone, becomes a co-conspirator"). *See also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2006).

Plaintiffs assert that help wanted advertisements for sheepherders (referred to as "job orders") almost always offer the minimum wage. (Am. Compl. ¶¶ 60, 62.) Plaintiffs further assert that Western Range and Mountain Plains submit applications for foreign workers offering the minimum wage with injury to Plaintiffs. (Am. Compl. ¶¶ 59, 62, 70.) Plaintiffs have not alleged that any of the Ranch Defendants employed any of the Plaintiffs in this action. (*See* Am. Compl. ¶ 9-13.) Moreover, Plaintiffs have not alleged that any of the Ranch Defendants offered or paid only the minimum wage. (*See* Am.

Compl.) Once the conclusory allegations are removed from consideration, there are no alleged facts to make a plausible case that Ranch Defendants engaged in any wrongdoing.

### 2. Conclusory allegation of a conspiracy are insufficient to sustain an antitrust claim.

"In order to satisfy the plausibility requirement from *Bell Atlantic* as well as the pleading requirements in the Tenth Circuit, Plaintiff should provide information regarding the who, what, where, when, and how of the alleged conspiracy." *Wilson v. City of Lafayette*, Case No. 07-cv-1844, 2008 WL 4197742 (D. Colo. Sept. 10, 2008) (unpublished decision) (*citing Bell Atl. Corp.*, 127 S. Ct. at 1970 n. 10.) A complaint in a multi-party case, such as this, requires even more specific information than in a simple, single party case. *Mountain View Pharmacy v. Abbott Laboratories*, 630 F. 2d 1383, 1386-87 (10th Cir. 1980). Plaintiffs have not provided any basic factual information to sustain their antitrust claims. It is not clear if Plaintiffs are alleging a single or multiple conspiracies. (*Compare* Am. Compl. ¶¶ 68-74 *with* Am. Compl. ¶¶ 82.) Plaintiffs have not identified the terms of the unlawful agreement, the parties to the agreement, how it was formed, when it was formed, for what duration is was effective or its geographic scope. These inconsistent and bare-boned conclusory remarks do not support a plausible claim against the Ranch Defendants.

### 3. Parallel conduct by Western Range and Mountain Plains cannot sustain a claim against the Ranch Defendants.

The act of offering a similar wage is insufficient to make out a price-fixing claim. "Without more, parallel conduct does not suggest conspiracy, and a conclusory

allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57. Parallel behavior only becomes actionable when supplemented by specific evidence from which an agreement may be inferred, such as action against a defendant's own business interests. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1481 (10th Cir. 1989) The Complaint alleges that Western Range and Mountain Plains offered the minimum wage in many of their job orders and H2A applications. (Am. Compl. ¶¶ 59, 60, 62, 70.) On these allegations alone, an antitrust conspiracy is not plausible.

### F. In the absence of dismissal, Plaintiffs should be required to provide a more definite statement.

The factual allegations of the Complaint are pleaded with such generality that the Ranch Defendants are deprived of any meaningful opportunity to challenge the claim asserted against them or assert potential counterclaims. In particular, the Complaint does not identify key facts in Plaintiffs' possession to establish jurisdiction, venue or standing, including the jurisdiction where Plaintiffs reside, the jurisdiction where Plaintiffs worked, whether Plaintiffs are located in the United States, when the events complained of occurred, whether any of the Ranch Defendants were involved. The Complaint refers generally to a "price-fixing agreement", but does not ever articulate a factual basis for the agreement which would allow the Ranch Defendants to admit or deny the allegations. For example, Plaintiffs allege that Western Range issued an instruction to members to adjust wages to reflect an increase in the minimum wage. (*See* Am. Compl. ¶¶ 80-81.) However, Plaintiffs do not state whether that instruction

from Western Range is the purported "price-fixing agreement" or if there is some further factual basis for the conspiracy allegation. Also, when Plaintiffs use the term "price-fixing agreement" or the more general term "conspiracy", it is not clear to which of the purported conspiracies Plaintiffs refer. (*See* Am. Compl. ¶ 82.) A more particular statement of the parties and the alleged conspiracy should be required as part of any amended pleading authorized by this Court.

### III. CONCLUSION

It is a harsh inequity to require the Ranch Defendants to appear in this forum, with which they have no contacts, and to defend an action which makes no particular allegations against them short of their purported association with a trade organization. Plaintiffs have already amended their pleading once, and they should not be given leave under these circumstances to amend again. The First Amended Complaint fails on several levels, most notably it does not establish personal jurisdiction over the Ranch Defendants, and it does not state a claim against Ranch Defendants for which relief may be granted. On these grounds, as well as for the other reasons set forth in this motion, the claims against the Ranch Defendants should be dismissed.

Respectfully submitted this 16th day of November, 2015.

/s/ Billie Jean Siddoway
Billie Jean Siddoway
Siddoway Law Office, PLLC
P.O. Box 704 | Driggs, ID 83422
Telephone: (208) 354-0440
Facsimile: (208) 354-0441
Email: bsiddoway@siddowaylaw.com
*Attorney for Defendants Child Ranch, LLC;
Estill Ranches, LLC; and Dennis Richins*

## CERTIFICATE OF SERVICE

On November 16, 2015, the undersigned caused a true and correct copy of the foregoing to be filed with CM/ECF with electronic service to the following:

| | |
|---|---|
| Justin David Cumming<br>jcumming@lrrlaw.com | Dermot William Lynch<br>dermot@towardsjustice.org |
| Naomi G. Beer<br>beern@gtlaw.com | David Hollis Seligman<br>david@towardsjustice.org |
| Kenneth F. Rossman, IV<br>krossman@lrrlaw.com | James Larry Stine<br>jls@wimlaw.com |
| Bradford Joseph Axel<br>bja@stokeslaw.com | Elizabeth Dorminey<br>ekd@wimlaw.com |
| Amber J. Munck<br>MunckA@gtlaw.com | Raymond Perez, II<br>rp@wimlaw.com |
| Alexander Neville Hood<br>alex@towardsjustice.org | Brendan Victor Monahan<br>monahan@stokeslaw.com |

    /s/ Billie Jean Siddoway
Billie Jean Siddoway