IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 15-CV-01889-REB-CBS

RODOLFO LLACUA;
ESLIPER HUAMAN;
LEOVEGILDO VILCHEZ GUERRA;
LIBER VILCHEZ GUERRA; and
RAFAEL DE LA CRUZ;

    Plaintiffs;

v.

WESTERN RANGE ASSOCIATION;
MOUNTAIN PLAINS AGRICULTURAL SERVICE;
MARTIN AUZA SHEEP CORPORATION;
NOTTINGHAM LAND AND LIVESTOCK, LLLP;
TWO BAR SHEEP CORPORATION, LLC;
BALL BROTHERS SHEEP COMPANY;
ESTILL RANCHES, LLC;
CUNNINGHAM SHEEP COMPANY;
DENNIS RICHINS d/b/a/ DENNIS RICHINS LIVESTOCK;
and CHILD RANCH, LLC;

    Defendants.


---

MOTION TO DISMISS CLAIMS AGAINST
CHILD RANCH, LLC; ESTILL RANCHES, LLC; AND
DENNIS RICHINS d/b/a DENNIS RICHINS LIVESTOCK

---

Defendants Child Ranch, LLC; Estill Ranches, LLC; Ball Brothers Sheep Company and Dennis Richins d/b/a Dennis Richins Livestock (collectively the "Ranch Defendants") respectfully move to dismiss the claims asserted against them in the Plaintiffs' Second Amended Complaint (the "Complaint").

The reasons for this motion are as follows:

A. Venue is not proper in the District of Colorado, requiring transfer or dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

B. The case should be dismissed under Rule 12(b)(s) because the Ranch Defendants are not subject to personal jurisdiction in the District of Colorado.

C. Plaintiffs have failed to join an indispensable party – the United States Department of Labor ("DOL") – requiring dismissal under Rule 12(b)(7).

D. Plaintiffs have failed to state an antitrust claim upon which relief may be granted requiring dismissal under Rule 12(b)(6). The Complaint alleges that the Ranch Defendants are members of one or more associations that allegedly fix prices. However, that affiliation alone is insufficient to create antitrust liability. Parallel conduct by the associations is also insufficient to establish liability. Moreover, Plaintiffs failure to identify the time, place of persons in the purported conspiracy is fatal to the antitrust claim.

E. Plaintiffs have failed to state a racketeering claim upon which relief may be granted, requiring dismissal under Rule 12(b)(6). Plaintiffs have failed to identify an enterprise or allege nonconclusory facts to meet each element of a racketeering claim.

For these reasons, as discussed more fully below, the claims against the Ranch Defendants should be dismissed. In the alternative, if a response from the Ranch Defendants is required, Plaintiffs should be required to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

# I.    INTRODUCTION

Child Ranch, Estill Ranches, Ball Brothers and Richins raise lamb and wool in Wyoming, Nevada, California, Idaho and Utah.[1] These ranchers employ sheepherders to work with the sheep – moving them to new feed, administering to their injuries, and protecting them from predators. Sheepherders care for guard dogs, herding dogs and horses. There are few experienced sheepherders in the United States.[2]

The Complaint alleges that some sheep ranches utilize experienced foreign sheepherders employed by Western Range Association or Mountain Plains Agricultural Service.[3] The DOL promulgates regulations and administers the program to allow foreign sheepherders.[4] The regulations allow ranchers to work collectively through cooperative employment associations like Western Range and Mountain Plains.[5] Although ranches are generally exempt from federal minimum wage requirements,[6] DOL regulations require that ranchers who utilize foreign sheepherders pay a minimum wage and provide room and board to both foreign and domestic workers.[7] Ranches that employ only domestic workers are not subject to the minimum wage requirement.[8]

---

[1] Notably, the Ranch Defendants do not operate in Colorado.

[2] Plaintiffs allege that there are only 18 domestic sheepherders left in the United States. (Compl. ¶ 84.)

[3] [CITE]

[4] *See* 20 C.F.R. §§ 655.100 *et seq.*; 80 Fed. Reg. 62,958 (issued Oct. 16, 2015); 76 Fed. Reg. 47,256 (issued Aug. 4, 2011).

[5] *See* 20 C.F.R. § 655.131.

[6] *See* 29 U.S.C. § 213 (a) (6) (E).

[7] *See* 20 C.F.R. § 655.120(a).

[8] 29 U.S.C. § 213 (a) (6) (E).

Plaintiffs' sole claim against the Ranch Defendants is that some "help wanted" listings offer to pay potential employees the minimum wage. Plaintiffs do not particularly allege that any of the Ranch Defendants offer or pay only the minimum wage. Plaintiffs have made no allegation of any express or implicit agreement to pay only the minimum wage, identified parties to the agreement, or identified the duration of the purported agreement. Furthermore, Plaintiffs have not alleged contacts between the Ranch Defendants and this forum to support personal jurisdiction, nor shown the propriety of venue. Plaintiffs have not shown a relationship between any of the Plaintiffs and the Ranch Defendants. For these many reasons, and others, the claims Plaintiffs have asserted against the Ranch Defendants should be dismissed.

## II.   ARGUMENT

Federal Rule of Civil Procedure 12 authorizes motions to dismiss. When motions are offered under subparts 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for lack of venue, and 12(b)(5) for insufficient service, the Court may consider evidence outside of the pleadings. *See, e.g., Home-Stake Production Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1016-1017 (10th Cir.1990).  Motions to dismiss for failure to state a claim under Rule 12(b)(6) are generally limited to the "well-pleaded factual allegations" of the Complaint. *See, e.g., Ashcroft v. Iqbal*, 566 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**A. Venue is not proper in the District of Colorado.**

Plaintiff bears the burden of making a *prima fac*ie showing that venue is proper.

*Karl W. Schmidt & Assoc., Inc. v. Action Envt'l Solutions LLC*, No. 14-cv-907, 2014 WL

6617095, *2 (D. Colo. Nov. 21, 2014) (unpublished decision) (quoting *Ervin & Assoc.,*

*Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996) ("Once venue is attached, the

plaintiff bears the burden to show proper venue").

**1. Venue is not established by the general venue statute.**

Plaintiffs assert venue generally under 28 U.S.C. § 1391, which includes three

sub-parts. (Compl. ¶ 14.) Venue is not proper under Section 1391(b)(1), because

Defendants are not all residents of Colorado. (*See* Compl. ¶¶ 22-31.) Venue is not

proper under Section 1391(b)(2), because Plaintiffs have not alleged that any events

took place in Colorado.[9] (*See* Compl.) That leaves Section 1391(b)(3).[10] Venue under

Section 1391(b)(3) is only available in the rare case where defendants reside in different

states and a substantial part of the alleged events did not arise anywhere in the United

States. Charles Alan Wright, Arthur R. Miller, *et al.*, 14D Fed. Prac. & Proc. Juris. §

3806.1 (4th ed.).Although Defendants reside in different states, there are other venues

---

[9] Plaintiffs allege that Defendants, collectively, have "suppressed the wages of Plaintiffs residing in Colorado" and that "many of the Defendants and Plaintiffs are located in, or do business in Colorado," but Plaintiffs identify no relevant conduct in Colorado. (*See* Compl. ¶¶ 15, 172, 186, 200, 213.) Moreover, referring to defendants collectively is insufficient. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint which made no distinction among the fourteen defendants charged).

[10]   28 U.S.C. 1391(b)(3) states: "If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

where a substantial part of the alleged events giving rise to Plaintiffs' claims were likely to have occurred.

"[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim the 'focus [is] on relevant activities of the defendant, not the plaintiff.'" *Golf v. Hackett Stone Co.*, No. 98-7137, 1999 WL 397409, *1 (10th Cir. June 17, 1999) (unpublished decision). The Complaint in this case is bare of any allegations of actual "events" or "activities" of the Ranch Defendants in Colorado giving rise to the claims. Plaintiffs contend that the ranchers colluded through Western Range (located in Utah) and Mountain Plains (located in Wyoming) to fix wages. (*See,* Compl. ¶¶ 22, 23, 64.)[11] Accepting the allegations of the Plaintiffs as true, the instrumentalities of the alleged conspiracy are in Utah in Wyoming. Because venue may be found in those jurisdictions, venue may not lie in Colorado.

**2. Venue is not proper under RICO.**

The venue provision of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961-58, authorizes venue against a "person" in a district where "such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. §1965(a). Plaintiffs asserted a RICO claim against Richins. As discussed above, and as set forth in the Richins declaration, Richins does not reside in Colorado; he is not in Colorado; he does not have agents in Colorado, and he does not transact business in

---

[11] Plaintiffs also raise issues about the applicability of a provision of the Nevada Constitution, which would best be addressed by the Court of Nevada.

Colorado. Venue against Richins and the other Ranch Defendants is not warranted under RICO.

### 3. Venue is not established by the Clayton Act.

The Clayton Act has two venue provisions. Section 4 of the Clayton Act authorizes venue "in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy. . ." 15 U.S.C. § 15. A defendant "resides" in a district where it is an "inhabitant." *Aro Mfg. Co. v. Automobile Body Research Corp.,* 352 F.2d 400, 404 (1st Cir. 1965). A corporation is an "inhabitant" of the district where it is incorporated. *Expoconsul Int'l, Inc. v. A/E Systems, Inc.*, 711 F. Supp. 730, 732-33 (S.D.N.Y. 1989). A defendant is "found" in a district where it does business. *Id.* at 255. None of those circumstances are present for the Ranch Defendants.

Section 12 of the Clayton Act authorizes venue in a judicial district where a corporate defendant (1) is an inhabitant, (2) is found, or (3) transacts business. 15 U.S.C. § 22. To "transact business" requires "doing business or carrying on business of any substantial character." *Daniel v. Am. Board of Emergency Medicine*, 428 F.3d 408, 428 (2d Cir. 2005). This section does not apply to Richins, who is an individual. Plaintiffs have not alleged that the corporate Ranch Defendants conducted business of a substantial character in Colorado. *See id.* at 430. Accordingly, venue is not proper under either Section 4 or Section 12 of the Clayton Act.

### B.  The District of Colorado does not have personal jurisdiction over Child Ranch, Estill Ranches or Richins.

The Ranch Defendants seek dismissal for lack of personal jurisdiction under Rule 12(b)(2). The Due Process Clause of the Fifth Amendment protects a defendant from litigation in a forum with which he has no meaningful contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed 2d 528 (1985). Plaintiffs bear the burden of establishing personal jurisdiction. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004), *cert. denied*, 544 U.S. 974, 125 S.Ct. 1826, 161 L.Ed. 2d 723 (2005). The presence of one alleged conspirator in a jurisdiction does not confer personal jurisdiction over the other defendants. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007). The requirement of minimum contacts must be met as to each defendant. *Id*.

Specific personal jurisdiction is a two-step inquiry. *Benton*, 375 F.3d 1075. First, plaintiff must show that the defendant's contact with the forum is such that he should reasonably anticipate being haled into court there. *Id.* Second, if there are sufficient minimum contacts, plaintiff must show that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id*. Plaintiffs cannot meet this two-step burden for Child Ranch, Estill Ranches, Ball Brothers or Dennis Richins.

Child Ranch is a Wyoming limited liability company doing business in Wyoming. (J. Child Decl. at ¶ 3.) The Complaint does not make a *prima facie* showing that Child Ranch has any contacts with Colorado. (*See* Compl.) Child Ranch does not operate in Colorado. (J. Child Decl. at ¶ 4.) Child Ranch does not employ any of the Plaintiffs. (J. Child Decl. at ¶¶ 5-6.) According to the Complaint, the Plaintiffs are employed by

Western Range and Mountain Plains. (Compl. ¶¶ 16-20.) Child Ranch did not enter any agreement or conspiracy to fix wage rates while in Colorado or any other location. (J. Child Decl. at ¶ 7.) Child Ranch did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (J. Child Decl. at ¶ 8.) Child Ranch does not have minimum contacts with Colorado to support personal jurisdiction.

Estill Ranches is a Nevada limited liability company doing business in Nevada and California. (J. Estill Decl. at ¶¶ 3-4.) The Complaint does not make a *prima facie* showing that Estill Ranches has any contacts with Colorado. (*See* Compl.) Estill Ranches does not employ and has not employed any of the Plaintiffs. (J. Estill Decl. at ¶ 8.) Estill Ranches does not pay the wage rate purportedly agreed upon by the alleged conspirators. (J. Estill Decl. at ¶¶ 9-10.) Estill Ranches currently pays its sheepherders at least $1,600 per month. (J. Estill Decl. at ¶ 10.) Estill Ranches did not enter any agreement or conspiracy to fix wage rates while in Colorado or any other location. (J. Estill Decl. at ¶ 11.) Estill Ranches did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (J. Estill Decl. at ¶¶ 12-13.) Estill Ranches does not have minimum contacts with Colorado to support personal jurisdiction.

Ball Brothers is an Idaho corporation doing business in Idaho. (R. Ball Decl. at ¶ 3.) The Complaint does not make a *prima facie* showing that Ball Brothers has any contacts with Colorado. (*See* Compl.) Ball Brothers does not operate in Colorado. (R. Ball Decl. at ¶ 5.) Ball Brothers does not employ any of the Plaintiffs. (R. Ball Decl. at

¶¶ 7-8.) According to the Complaint, the Plaintiffs are employed by Western Range and Mountain Plains. (Compl. ¶¶ 16-20.) Ball Brothers did not enter any agreement or conspiracy to fix wage rates while in Colorado or any other location. (R. Ball Decl. at ¶ 9.) Ball Brothers did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (R. Ball Decl. at ¶¶ 10-11.) Ball Brothers does not have minimum contacts with Colorado to support personal jurisdiction.

Dennis Richins is an individual residing in Utah. (D. Richins Decl. at ¶ 2.) The Complaint does not make a *prima facie* showing that Richins has any contacts with Colorado. (*See* Compl.) Richins operates a sheep ranch in Utah, and he does not operate in Colorado. (D. Richins Decl. at ¶¶ 3-4.) Richins does not employ any of the Plaintiffs. (D. Richins Decl. at ¶ 5; Compl. ¶¶ 16-22.) Richins did not enter any agreement or conspiracy to unlawfully fix wage rates while in Colorado or any other location. (D. Richins Decl. at ¶ 6.) Richins did not enter any agreement or conspiracy to unlawfully fix wage rates of residents of Colorado or which would foreseeably affect the wage rates of Coloradoans. (D. Richins Decl. at ¶ 7.) Richins does not have minimum contacts with Colorado.

Under the second prong, the exercise of jurisdiction against the Ranch Defendants offends traditional notions of fair play and substantial justice. This inquiry involves five balancing factors:

(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998).

The only relationship between the claim against the Ranch Defendants and the forum is that one plaintiff, Rodolfo Llacua, has resided in Colorado. (Compl. ¶ 16.) The Complaint does not allege that this plaintiff has any relationship with the Ranch Defendants. (*See* Compl.) None of the Ranch Defendants employed Llacua. (Compl. ¶ 16.) The Complaint does not allege that Llacua entered an employment agreement while in Colorado, performed work in Colorado, or suffered any injury in Colorado. In addition, the Complaint requires interpretation of the Constitution of Nevada, which should be left to the courts of that state. Plaintiffs have not made a *prima facie* showing that the state of Colorado has any interest in this action. Moreover, in light of the rural nature of the Ranch Defendants' domicile and the demands of their work, it will be unfair to require the Ranch Defendants to appear and defend in a distant forum with which they have no meaningful contacts. Notions of fair play and substantial justice require that the claims against Child Ranch, Estill Ranches, Ball Brothers and Richins be dismissed.

Although not specified in the Complaint, the Ranch Defendants anticipate the threat of personal jurisdiction under Section 12 of the Clayton Act.[12] Although the corporate Ranch Defendants are not aware authority in the Tenth Circuit, the Second

---

[12] "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." 15 U.S.C. § 22.

Circuit and D.C. Circuit hold that "the extraterritorial service provision of Clayton Act Section 12 may be invoked to establish personal jurisdiction *only when the requirements of the section's venue provision are satisfied*." *Daniel v. Am. Board of Emergency Medicine*, 428 F.3d 408, 424-25 (2d Cir. 2005) (emphasis added); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000).[13] Because venue is not satisfied under Section 12, for the reasons discussed above, personal jurisdiction cannot be established under the Clayton Act.

### C. Plaintiffs have failed to join the Department of Labor.

An indispensable party is one without whom "in equity and good conscience" the action should not proceed. *Manygoats v. Kleppe*, 558 F.2d 556, 558 (10th Cir. 1977). *See also State of New Mexico v. Backer*, 199 F.2d 426, 429 (10th Cir. 1952) (granting dismissal where the Secretary of Interior was not joined). Plaintiffs allege that the DOL promulgates regulations, establishes the minimum wage, and accepts applications for foreign sheepherders working in the United States. (*See, e.g.,* Compl. ¶¶ 21, 44-58.) The only factual allegation supporting Plaintiffs antitrust claim is that many publically available job orders and applications for sheepherders offer the minimum wage. The DOL establishes the wage rate and requires its inclusion in job orders and applications. The Plaintiffs are challenging this regulatory framework in a parallel action with some common parties identified as *Hispanic Affairs Project, et al. v. Perez, et al.*, Case No. 1:15-cv-1562-BAH (D.D.C. filed Aug. 18, 2015) which is related to *Mendoza v. Solis*,

---

[13] *But see Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1179-80 (9th Cir. 2004).

Case No. 1:15-cv-1562-BAH (D.D.C. filed Oct. 7, 2011). In the absence of the DOL, the action should be dismissed under Rule 12(b)(7).

### D. Plaintiffs have failed to state an antitrust claim against the Ranch Defendants for which relief may be granted.

To survive a motion to dismiss in an antitrust action, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. This requires more than "naked assertions devoid of further factual enhancement." *Id.* A complaint can be framed by legal conclusions, but they must be supported by factual allegations. *Id.* The factual allegations of a complaint "must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678, 129 S. Ct. at 1949. Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts are not sufficient to require a party to defend an antitrust action. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

### 1. Association membership does not support a claim against Child Ranch, Estill Ranches or Richins.

The sole factual basis for the antirust claim against the Ranch Defendants is their alleged affiliation with Western Range or Mountain Plains. (*See* Compl. ¶ 63.) Mere participation in a trade association does not establish an unlawful conspiracy. *Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 374 (7th Cir. 1990). Even if an organization is engaged

in price fixing, the allegations against the organization's members must show more than mere membership or affiliation. *Kline v. Coldwell Banker & Co.*, 508 F.2d 226, 232 (9th Cir. 1974) (stating that although "the Association is itself a sort of continuing agreement by which the fixing of prices might be effectuated . . . [t]his does not mean . . . that every member of the Association, by reason of his membership alone, becomes a co-conspirator"). *See also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2006).

Plaintiffs assert that help wanted advertisements for sheepherders (referred to as "job orders") almost always offer the minimum wage. (Compl. ¶¶ 49-50.).) Plaintiffs have not alleged that any of the Ranch Defendants employed any of the Plaintiffs in this action. (*See* Compl. ¶ 16-20.) Moreover, Plaintiffs have not alleged that any of the Ranch Defendants offered or paid only the minimum wage. (*See* Compl.) Once the conclusory allegations are removed from consideration, there are no alleged facts to make a plausible case that Ranch Defendants engaged in any wrongdoing.

## 2. Conclusory allegation of a conspiracy are insufficient to sustain an antitrust claim.

"In order to satisfy the plausibility requirement from *Bell Atlantic* as well as the pleading requirements in the Tenth Circuit, Plaintiff should provide information regarding the who, what, where, when, and how of the alleged conspiracy." *Wilson v. City of Lafayette*, Case No. 07-cv-1844, 2008 WL 4197742 (D. Colo. Sept. 10, 2008) (unpublished decision) (*citing Bell Atl. Corp.*, 127 S. Ct. at 1970 n. 10.) A complaint in a multi-party case, such as this, requires even more specific information than in a simple, single party case. *Mountain View Pharmacy v. Abbott Laboratories*, 630 F. 2d 1383, 1386-87 (10th Cir. 1980). Plaintiffs have not provided any basic factual information to

sustain their antitrust claims, such as: the terms of the unlawful agreement, the parties

to the agreement, how it was formed, when it was formed, for what duration is was

effective or its geographic scope. These bare-boned conclusory remarks do not support

a plausible claim against the Ranch Defendants.

**3. Parallel conduct by Western Range and Mountain Plains cannot sustain a claim against the Ranch Defendants.**

The act of offering a similar wage is insufficient to make out a price-fixing claim.

"Without more, parallel conduct does not suggest conspiracy, and a conclusory

allegation of agreement at some unidentified point does not supply facts adequate to

show illegality." *Twombly*, 550 U.S. at 556-57. Parallel behavior only becomes

actionable when supplemented by specific evidence from which an agreement may be

inferred, such as action against a defendant's own business interests. *Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d

1473, 1481 (10th Cir. 1989)  The Complaint alleges that Western Range and Mountain

Plains offered the minimum wage in many of their job orders and H2A applications. On

these allegations alone, an antitrust conspiracy is not plausible.

**E. Plaintiffs have failed to state a RICO claim against Richins for which relief may be granted.**

A claim under 18 U.S.C. 1962(c) requires: (1) conduct (2) of an enterprise

(3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*,

473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Plaintiffs' claim

against Richins fails as a matter of law under the second element – there is no

enterprise involving Richins. A corporation cannot be both the RICO defendant and the

RICO enterprise. *Few v. Liberty Mut. Ins. Co.*, 498 F.Supp. 2d 441 (D.N.H. 2007).  A corporation and its employee are not a RICO enterprise. *Schwartz v. Lawyers Title Ins. Co.*, 680 F. Supp. 2d 690, 703 (holding that a RICO enterprise may consist of a corporation and non-employees); *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,* 30 F.3d 339 (2d Cir. 1994) (holding that corporate employees association together in their course of their employment do not form a RICO enterprise).

In addition to the legal bar to claims against the so-called Richins enterprise, Plaintiffs have failed to meet the *Iqbal* minimum pleading standards to meet the elements of a RICO claim. Plaintiffs have not identified Richins' wrongful conduct or a pattern of specific predicate acts. Insofar as Plaintiffs allege that the underlying RICO offenses sound in fraud, Plaintiffs have failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

Because the alleged Richins conspiracy claim is barred by law, and because Plaintiffs have failed to plead an actionable claim, the RICO allegation against Richins should be dismissed.

### III.    CONCLUSION

For the reasons set forth herein, as well as for the reasons identified in the other Defendants' motions to dismiss, incorporated by reference herein, the Ranch Defendants request that the claims against them be dismissed. In the alternative, the Ranch Defendants request a more definite statement of Plaintiffs' claims.

Respectfully submitted this 8th day of January, 2016.

/s/ Billie Jean Siddoway
Billie Jean Siddoway
Siddoway Law Office, PLLC
P.O. Box 704 | Driggs, ID 83422
Telephone: (208) 354-0440
Facsimile: (208) 354-0441
Email: bsiddoway@siddowaylaw.com
*Attorney for Defendants Child Ranch, LLC;*
*Estill Ranches, LLC; and Dennis Richins*

## CERTIFICATE OF SERVICE

On January 8, 2016, the undersigned caused a true and correct copy of the foregoing to be filed with CM/ECF with electronic service to the following:

Justin David Cumming
  jcumming@lrrlaw.com

Dermot William Lynch
  dermot@towardsjustice.org

Naomi G. Beer
  beern@gtlaw.com

David Hollis Seligman
  david@towardsjustice.org

Kenneth F. Rossman, IV
  krossman@lrrlaw.com

James Larry Stine
  jls@wimlaw.com

Bradford Joseph Axel
  bja@stokeslaw.com

Elizabeth Dorminey
  ekd@wimlaw.com

Amber J. Munck
  MunckA@gtlaw.com

Raymond Perez, II
  rp@wimlaw.com

Alexander Neville Hood
  alex@towardsjustice.org

Brendan Victor Monahan
  monahan@stokeslaw.com

  /s/ Billie Jean Siddoway
Billie Jean Siddoway