IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 15-cv-01889-REB-CBS

RODOLFO LLACUA, *et al.*

      Plaintiffs,

v.

WESTERN RANGE ASSOCATION, *et al.*

      Defendants.

---

**NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTIONS TO DISMISS [DOCS. 83, 86-89, 91], PLAINTIFFS' RESPONSE [DOC. 96], DEFENDANTS' REPLIES [DOCS. 104-109], AND PLAINTIFFS' SURREPLY [DOC. 115]**

---

**TO: THE COURT AND ALL PARTIES IN THE ABOVE-CAPTIONED ACTION**

      Plaintiffs submit *Beltran v. Interexchange*, *Inc.*, No. 14-cv-3074-CMA-KMT (D. Colo. Mar. 31, 2016), attached as Exhibit 1, as supplemental authority in support of their response and surreply to Defendants' Motions to Dismiss (Docs. 96, 115), and in opposition to Defendants' various motions to dismiss (Docs. 83, 86-89, 91) and subsequent replies (Docs. 104-109). This authority was not cited in Plaintiffs' response or surreply because it was issued following the filing of those documents.

      The portions of Exhibit 1 denying motions to dismiss wage fixing antitrust claims and RICO and common law fraud claims by J-1 visa *au pairs* are relevant. Ex. 1 at 3-19 (antitrust), 31-32 (fraud). The authority upholds Magistrate Tafoya's recommendation previously submitted as supplemental authority. *See* Doc. 110 (offering *Beltran v. Interexchange*, Inc., No. 14-cv-3074-CMA-KMT, 2016 WL 695967 (D. Colo. Feb. 22, 2016) as supplemental authority). To avoid duplication, Plaintiffs point the Court to the

specific points in the recommendation referenced in the previous notice that are upheld by Exhibit 1. *See* Doc. 110 at 1-2. In addition, Plaintiffs point the Court to the following portions of Exhibit 1:

1. The Court's determination that the summary judgment standard articulated in *Monsanto Co. v. Spray–Rite Service Corp.,* 465 U.S. 752 (1984) is not applicable at the motion to dismiss stage. *See* Ex. 1 at 5-6, n. 6 ("Plaintiffs' assertion that Monsanto simply does not apply to this stage of the dispute is easily verifiable with a simple Westlaw or LexisNexis search. Thus, the Court is puzzled as to why this argument appeared yet again in Defendants' Objection to the Magistrate Judge's Recommendation."); *see, e.g.*, Doc. 91 (MPAS Motion) ("Proof of a §1 conspiracy must include evidence tending to exclude the possibility of independent action.") (citing *Monsanto*).

2. The Court's determination that allegations of an explicit agreement are not necessary. Ex. 1 at 6 ("An agreement, however, need not be in writing or be explicit, and may be established by either direct or circumstantial evidence.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 553 (2007) (stating that the agreement may be "tacit or express"); *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1361 (10th Cir. 1989) ("In the absence of an explicit agreement, conspiratorial conduct may be established by circumstantial evidence.")).

Dated: 3/31/2016                    Respectfully submitted,

                                    s/Alexander Hood
                                    Alexander Hood
                                    David Seligman
                                    Towards Justice
                                    1535 High St., Suite 300

Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

## Certificate of Service

      I hereby certify that on 3/31/2016, the above was filed using this Court's CM/ECF system, which caused all counsel of record to be served electronically pursuant to Fed. R. Civ. P. 5.

                                        s/Alexander Hood
                                        Alexander Hood