# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 15-cv-01889-REB-CBS
RODOLFO LLACUA, *et al.*
    Plaintiffs,
v.
WESTERN RANGE ASSOCATION, *et al.*
    Defendants.

---

### NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING REPORT AND RECOMMENDATION, ORDER AFFIRMING REPORT AND RECOMMENDATION, AND PLAINTIFFS' MOTION TO AMEND [## 125, 139, 142]

---

**TO: THE COURT AND ALL PARTIES IN THE ABOVE-CAPTIONED ACTION**

    Attached to this notice as Exhibit 1 is *George v. Urban Settlement Services*, __ F.3d__, 2016 U.S. App. LEXIS 14934 (Aug. 15, 2016), *motion for rehearing and rehearing en banc pending* (10th Cir. Aug. 29, 2016), which Plaintiffs submit as a supplemental binding authority in support of their Motion to Amend. This recent opinion by the Tenth Circuit reverses *George v. Urban Settlement Services*, 2014 U.S. Dist. LEXIS 138579 (D. Colo. Sept. 30, 2014), which Defendants and the recently-affirmed Report and Recommendation relied upon in dismissing Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See, e.g.*, # 125 at 40-41 (magistrate report relying in part on *George*); # 135 at 14 (same for Defendants in response to Plaintiffs' objection to the magistrate report). This new authority has not been cited previously by any party in this case and is directly adverse to a position Defendants advanced in their recently-granted motions to dismiss.[1]

---

[1] Plaintiffs had not cited the case because it was not available when they were drafting any of the prior pleadings on Defendants' dispositive motions. Further, because *George* is less than a month old, Plaintiffs doubt that Defendants intentionally failed to inform the Court or Plaintiffs about this authority.

In *George*, the Tenth Circuit reversed this Court's determination that the *George* plaintiffs had not alleged a RICO enterprise distinct from a corporate defendant, Bank of America (BOA). That determination is relevant to this case—particularly to the viability of the RICO claims against the Association Defendants[2] presented in the Third Amended Complaint (TAC), # 139-1, which Plaintiffs filed along with their Motion to Amend, # 139. In the main, Plaintiffs direct the Court to the following portions of *George*:

1. ***George* Is About the Same Kind of RICO Fraud:** The fraud in *George* involved a "scheme to feign BOA's compliance with [Treasury Department] guidelines" designed to help home-owners affected by the 2008 financial crisis. Ex. 1 at 20-21; *see also id.* at 12 ("[A]ccording to plaintiffs, BOA publicly represented its compliance with [Treasury] guidelines while simultaneously implementing and enforcing procedures among its own employees [that violated those guidelines]."). The Tenth Circuit's decision to allow this type of RICO fraud claim to proceed is relevant here because the TAC relies on a similar RICO theory for the Association Defendants: namely, that these defendants also harmed the shepherds by feigning compliance with Department of Labor rules, disregarding those rules, and thereby illegally depriving the shepherds of repayment for costs the shepherds incurred. *See, e.g.*, TAC at ¶¶ 275-90.

2. ***George* Considered a Similar Association-In-Fact of "Independently Owned and Operated Companies":** The Tenth Circuit also noted the structure of the association-in-fact enterprise alleged in *George*, which "consist[ed] of numerous

---

[2] As Plaintiffs have outlined previously, they advance a different theory of RICO liability for Richins. *See, e.g.*, # 131 at 17-20 (outlining these different theories). As Plaintiffs have explained in previous filings, they refer to Defendants Western Range Association (WRA) and Mountain Plains Agricultural Service (MPAS) as the Association Defendants.

independently owned and operated companies," including (but not limited to) BOA and Urban Lending Solutions (Urban). Ex. 1 at 7. Urban, a third-party vendor for BOA, was also named as a RICO defendant and, along with other legally distinct entities, formed an association-in-fact that facilitated the violation of the Treasury guidelines that harmed the *George* plaintiffs. *Id*. The structure of this association-in-fact is relevant here because it is materially indistinguishable from the one alleged against Defendants WRA and MPAS: the WRA and MPAS associations-in-fact consist of these Associations and the "independently owned and operated" ranches that are members of WRA and MPAS. *See, e.g.*, TAC at ¶¶ 262-73 (identifying these enterprises); *see also id*. at ¶¶ 24-33 (identifying Association Defendants and the member ranches as separately incorporated businesses).

3. ***George* Rejected the Same Distinctiveness Defense Raised Here:** The Tenth Circuit concluded that "BOA's act of contracting with Urban to provide . . . services didn't somehow render Urban a BOA subsidiary, a BOA agent, or even part of the BOA corporate family," in large part because these two defendants "remained separate legal entities in distinct lines of business." Ex. 1 at 11. This conclusion is relevant because it is equally applicable to the associations-in-fact alleged here: for example, WRA's act of contracting with a ranch to help recruit H-2A shepherds does not "somehow render" the ranch a WRA subsidiary, as the parties "remain separate legal entities in distinct lines of business" – WRA is focused on its work as a trade association and the service it can provide on, among other things, managing some aspects of the paperwork related to H-2A visa applications, while a WRA ranch is a distinct legal entity and business focused on producing lamb meat and wool.

Dated: September 9, 2016					Respectfully submitted,

<u>s/Dermot Lynch</u>
Dermot Lynch
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 970-329-1044
Fax: 303-957-2289
Email: dermot@towardsjustice.org

4

5

**Certificate of Service**

I hereby certify that on September 9, 2016, the above was filed using this Court's CM/ECF system, which caused all counsel of record to be served electronically pursuant to Fed. R. Civ. P. 5.

                                    s/Dermot Lynch
                                    Dermot Lynch
                                    Towards Justice
                                    1535 High St., Suite 300
                                    Denver, CO 80218
                                    Tel.: 970-329-1044
                                    Fax: 303-957-2289
                                    dermot@towardsjustice.org