**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-cv-01889-REB-CBS

RODOLFO LLACUA, et al.,
and those similarly situated

       Plaintiffs,

  v.

WESTERN RANGE ASSOCIATION, et al

       Defendants.

---

**DEFENDANT MPAS'S OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND RECOMMENDATION ON PLANTIFFS' MOTION TO AMEND THE SECOND AMENDED COMPLAINT**

---

Defendant MPAS objects to the Magistrate Judge's Memorandum Opinion and Recommendation on Plaintiffs' Motion to Amend the Second Amended Complaint, (Dkt. 158) (hereinafter "R&R"). Plaintiffs have moved for leave to file a Third Amended Complaint. (Dkt. 139.) MPAS objects to the R&R to the extent that it recommends that this Court retain supplemental jurisdiction over Plaintiff De La Cruz's state law claims against MPAS even though no Federal claims related to MPAS remain. MPAS requests instead that the State law claims be dismissed without prejudice.

PROCEDURAL HISTORY

The original Complaint was amended once, as of right, after Defendant MPAS moved to dismiss. (Dkt. 10, 32.) All Defendants then moved to dismiss the First Amended Complaint. (Dkt. 45, 54, 55, 57, 59.) Plaintiffs filed a Second Amended Complaint. (Dkt.

73.) Defendants again moved to dismiss. (Dkt. 83, 84, 86, 87, 88, 89.) On June 3, 2016, Judge Shaffer issued a Report recommending that Plaintiffs' Second Amended Complaint be dismissed. (Dkt. 125.) After this Report was submitted to the District Court, but before the Court decided whether to adopt it, Plaintiffs filed a motion for leave to fila a Third Amended Complaint. (Dkt. 139.) Following objections and responses, the District Court overruled Plaintiffs' objections and adopted the Report and Recommendation *in toto*, dismissing Plaintiffs' Second Amended Complaint.[1] (Dkt. 142.)

## OBJECTIONS

In the R&R on Plaintiffs' Motion for leave to file a Third Amended Complaint (Dkt. 158), Judge Shaffer recommended dismissing Counts I – IV and VI, granting leave to amend Count V in part to the extent it asserts that Mr. Richins is the RICO "person" and WRA the RICO "enterprise;" and granting leave to amend as to Counts VII – X. The only remaining Defendants would be WRA, Dennis Richins, and MPAS. If the R&R is adopted as written, all Federal counts against Defendant MPAS (for alleged RICO and antitrust claims) will be dismissed. Although no Federal claims against MPAS will remain, and the sole Plaintiff asserting claims against MPAS has no Federal claims, the R&R recommends that the Court retain supplemental jurisdiction over the State claims raised by Plaintiff De La Cruz against MPAS because they "appear so related that they form part of the same case and controversy." (Dkt. 158 at 33–34, n. 22.) MPAS objects to the R&R to the extent that it recommends that the Court should assert supplemental jurisdiction

---

[1] The Second Amended Complaint was dismissed without prejudice, pending resolution of Plaintiffs' Motion for Leave to File the Third Amended Complaint, which was filed three days before the District Court adopted the Report. (Dkt. 142.)

over State law claims against MPAS even though there are no Federal issues related to MPAS. Instead, MPAS requests that the State law claims be dismissed without prejudice.

A.  The Court Should Decline to Exercise Supplemental Jurisdiction in This Case.

The R&R acknowledged that Plaintiff De La Cruz, the only Plaintiff to assert claims against MPAS, already has filed a motion to sever and transfer Count VII of the Second Amended Complaint (alleging a violation of Nevada Minimum Wage Act) to the District Court of Nevada. (Dkt. 156.) Defendant MPAS did not oppose this motion. (Id.) The R&R also acknowledged that Count X stated a new claim based on common law for failure to pay the Nevada minimum wage, and the Magistrate Judge reserved ruling on the motion to sever.

Count IX asserts breach of contract, promissory estoppel, quantum meruit, and unjust enrichment related to alleged illegal deductions from Plaintiffs' pay. The R&R recommends that the Court retain supplemental jurisdiction over these State law claims. The rationale for retaining supplemental jurisdiction over MPAS after all Federal claims are dismissed is as follows:

> Count IX regards MPAS's same alleged deductions from a different Plaintiff, Mr. De la Cruz. Counts VII and X regard rather different facts (MPAS's alleged failure to pay the Nevada minimum wage) but nonetheless appear so related that they form part of the same case and controversy.

(Dkt. 158 p. 33 – 34, n. 22.)

1.  The Tenth Circuit Has Instructed the Courts to Decline to Exercise Supplemental Jurisdiction When All Federal Claims Are Dismissed.

A recent ruling by the District Court of Colorado succinctly summarized the Tenth Circuit's position against the exercise of supplemental jurisdiction over State claims after

Federal claims have been dismissed. In *Saxton v. Lucas*, No. 15-CV-00255-CMA-MJW, 2016 WL 750697, at *6–7 (D. Colo. Feb. 26, 2016) (copy attached), the Court explained:

> [H]aving dismissed all of plaintiff's claims arising under federal law, the Court must now decide whether it should exercise supplemental jurisdiction over Claim One. Although courts may exercise supplemental jurisdiction over state law claims if there is otherwise a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides: "[t]he district court[ ] may decline to exercise supplemental jurisdiction over a claim...if...the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit reviews a district court's decision not to exercise jurisdiction under 28 U.S.C. § 1367(c) (Section 1367(c)) for abuse of discretion. *See Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009). **When Section 1367(c) is implicated in the Tenth Circuit, courts are advised to dismiss pendent state law claims "'absent compelling reasons to the contrary."'** *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (internal quotation omitted); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (emphasis added, internal quotation omitted) ("When all federal claims have been dismissed, the court may, **and usually should,** decline to exercise jurisdiction over any remaining state claims."); *Endris v. Sheridan Cnty. Police Dep't,* 415 Fed. App'x. 34, 36 (10th Cir. 2011) (unpublished) ("any **state-law claims** for assault and battery or mental and emotional injury **were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed**"); *Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir. 2010) ("[The Tenth Circuit has] generally held that **if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice**."). The United States Supreme Court has also recognized that "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

(Emphasis added.) The District Court in *Saxton* therefore concluded that it should decline to exercise supplemental jurisdiction, and dismissed the State law claims without prejudice.

Since the R&R recommends dismissal of all Federal claims against MPAS, the Court retains no jurisdiction over MPAS. At this early stage in the litigation, both the Supreme Court and the Tenth Circuit expect the State claims to be dismissed "absent compelling reasons to the contrary." There are no compelling reasons to retain supplemental jurisdiction as to MPAS. Dismissal without prejudice is appropriate.

C.   The State Law Claims Against MPAS Are Not So Related to the RICO Claim Against Mr. Richins That They Form Part of the Same Case and Controversy.

   1.   Description of the Federal Case and Controversy

The only Federal claim remaining if the R&R is adopted lies against Defendant Dennis Richins: "Count V: RICHINS CIVIL RICO 18 U.S.C. 1964 (C)) Plaintiffs Huarren, Leovegildo Vilchez Guerra, Liber Vilchez Guerra and the WRA Illegal Deduction Class against Dennis Richins." The R&R made it clear that Count V was limited to "Richins as the person operating WRA as the enterprise." The claim is that Dennis Richins used the WRA enterprise so that he would not have to reimburse his employees for certain pre-employment expenses, such as medical checkups and criminal background checks in Peru and travel costs to get to Richins' Ranch. (Dkt. 139 at 96 – 97.) Mr. Richins runs a ranch in Utah. (Dkt. 139, ¶31.) Only one of the Plaintiffs, Mr. Huaman, even alleges that he worked in Utah: none of the Plaintiffs allege that they worked for Mr. Richins. (Dkt. 139, ¶¶ 18 – 22.) It appears that the Plaintiffs, who did not work for Mr. Richins, have sued him for failing to pay certain allegedly reimbursable expenses incurred by other individuals.

The only connection that MPAS has to this particular "case or controversy" is the allegation by yet another Plaintiff – Mr. De La Cruz, who alleges that he worked in Nevada

5

-- that MPAS did not pay certain expenses owed to him, which resulted in an alleged breach of contract. MPAS operates as an agent for its member ranches to assist them through the process of obtaining H2A visas for workers the member ranchers then employ. No one from MPAS is physically located at any member ranch. MPAS simply receives "fees from member ranches in exchange for preparing job orders and H-2A applications on behalf of the MPAS's (sic) members." (Dkt. 139, ¶272.) The only allegation supposedly connecting MPAS to the alleged conspiracy is one Plaintiff's claim that MPAS directed "Plaintiff De La Cruz to call the MPAS main office if he had any trouble during the course of his employment." (Dkt. 139, ¶337.) This is hardly compelling grounds to maintain supplemental jurisdiction.

    2.    <u>The State Law Counts Against MPAS Are Unrelated to the Federal Claim Against Mr. Richins</u>.

The only State law claims against MPAS in Counts VII, IX and X are brought by Plaintiff De la Cruz, who is not included as one of the Plaintiffs in Count V. As the Tenth Circuit has held, "District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). The Court noted that §1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such *original jurisdiction* that they form part of the same case or controversy under Article III of the United States Constitution.

*Id.* (original emphasis).

The case over which this Court currently exercises Federal jurisdiction relates to different Plaintiffs, against a different Defendant, with a different set of facts. The issues related to MPAS -- whether MPAS is the agent or employer; what actions were taken in relation to Mr. De La Cruz as opposed to other individuals; what were the terms of the alleged contract; what was actually paid to Mr. De La Cruz as expenses by the ranch that employed him (which we do not know because it was not pled); and whether Mr. De La Cruz met the conditions precedent for being paid for the return trip – bear no relation to the claims against Defendants WRA and Mr. Richins.

"Judicial economy and fairness result from retaining jurisdiction over mixed state and federal claims where 'The state and federal claims ... derive from a common nucleus of operative fact.' *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)." Estate of *Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). There is no economy to be gained, and no fairness to advanced here. The claims against MPAS and against Mr. Richins derive from completely independent sets of operative facts. Rather, there is only a single legal issue in common with the two separate claims: whether the H2A regulations require reimbursement of all pre-employment expenses incurred by Plaintiffs. This single, common legal issue is insufficient to support the exercise of supplemental jurisdiction. The better course, endorsed by the Tenth Circuit, is dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Recommendation should be modified and all state claims against MPAS should be dismissed without prejudice.

Respectfully submitted this 26th day of January, 2017.

*/s/ J. Larry Stine*
J. Larry Stine
Elizabeth K. Dorminey
WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
Fax: (404) 261-3707
jls@wimlaw.com
bdorminy@bellsouth.net

*Attorneys for Defendant*
*Mountain Plains Agricultural Service*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-cv-01889-REB-CBS

RODOLFO LLACUA, et al.,
and those similarly situated

       Plaintiffs,

  v.

WESTERN RANGE ASSOCIATION, et al

       Defendants.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing **DEFENDANT MPAS' OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND RECOMMENDATION ON PLAINTIFFS' MOTION TO AMEND THE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record:

This 26th day of January, 2017.

                                                */s/ J. Larry Stine*
                                                J. Larry Stine
                                                Elizabeth K. Dorminey
                                                WIMBERLY, LAWSON, STECKEL,
                                                SCHNEIDER & STINE, P.C.
                                                Suite 400, Lenox Towers
                                                3400 Peachtree Road, N.E.
                                                Atlanta, Georgia 30326
                                                Phone: (404)365-0900
                                                Fax: (404) 261-3707
                                                Email:  jls@wimlaw.com
                                                bdorminy@bellsouth.net

                                                *Attorneys for Defendant
                                                Mountain Plains Agricultural Service*