**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 15-cv-01889-REB-CBS

RODOLPHO LLACUA, et al., and those similarly situated,

    Plaintiff,

v.

WESTERN RANGE ASSOCIATION et al.,

    Defendants.

---

**ORDER GRANTING DEFENDANT MOUNTAIN PLAINS
AGRICULTURE SERVICE'S MOTION TO REVIEW AWARD OF COSTS**

---

**Blackburn, J.**

    The matter before me is **Defendant Mountain Plains Agriculture Services'** [sic] **Motion To Review Award of Costs** [#181],[1] filed April 6, 2017. I grant the motion.

    Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).

---

[1] "[#181]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Defendant, as a prevailing party in this lawsuit, sought $543.00 in costs for the fees of three out-of-state counsel, who were required to become members of this court's bar in order to appear in this case. Relying on **Golan v. Holder**, 2009 WL 2475138 (D. Colo. Aug. 11, 2009), the clerk of the court denied this request, concluding these items were more properly characterized as "attorneys fees" and therefore not recoverable under section 1920. (**See Bill of Costs** [#180], filed March 30, 2017.)   Defendant seeks review of that decision, insisting such fees are recoverable as "fees of the clerk." **See** 28 U.S.C. § 1920(1). It argues that "fees of the clerk" includes "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §1914(b). The Judicial Conference's "District Court Miscellaneous Fee Schedule" allows the clerk to "charge[] for services provided by the district courts," including, relevantly, up to $181 for fees "for original admission of attorneys to practice." (**See** United States Courts, Services & Forms, Fees, **District Court Miscellaneous Fee Schedule**, Item 10 (eff. December 1, 2016)) (available at: http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule) (last accessed June 7, 2017).

Defendant's arguments are persuasive. It is true the majority of courts do not allow recovery of *pro hac vice* fees as costs. **See Awad v. Ziriax**, 2014 WL 1572804 at *1 n.2 (W.D. Okla. April 17, 2014); **Smith v. Fresh Cut Floral and Catering, Inc.**, 2008 WL 4539630 at *2 (S.D. Miss. Oct. 7, 2008); **Halliburton Co. v. Ward**, 2007 WL 2702214 at *2 n.2 (W.D. Ky. Sept. 12, 2007). In so doing, these courts frequently point out that "[t]he only admission fee relating to attorneys authorized by the Judicial

Conference of the United States is . . . for full and permanent, not just temporary, admission to the bar of the court." **Eagle Insurance Co. v. Johnson**, 982 F.Supp. 1456, 1459 (M.D. Ala. 1997), **aff'd**, 162 F.3d 98 (11th Cir. 1998).  **See also Awad**, 2014 WL 1572804 at *1; **Golan**, 2009 WL 2475138 at *10; **Smith**, 2008 WL 4539630 at *2; **Halliburton Co.**, 2007 WL 2702214 at *2 n.2.

Indeed, "*pro hac vice*" literally means "[f]or this turn," that is, "for this one particular occasion." **Eagle Insurance Co.**, 982 F.Supp. at 1459 (quoting **Black's Law Dictionary** at 1091 (1979)) (internal quotation marks omitted; alteration in original). "An admission *pro hac vice*, therefore, means that a lawyer has been 'admitted to practice in a jurisdiction for a particular case only.'" **Id**. (quoting **Black's** at 1091).  **See also Frazier v. Heebe**, 482 U.S. 641, 647, 107 S.Ct. 2607, 2612, 96 L.Ed.2d 557 (1987) (characterizing attorneys appearing *pro hac vice* as "one-time or occasional practitioners"); **Mateo v. Empire Gas Co.**, 841 F.Supp.2d 574, 579 (D.P.R. 2012) ("Admission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis.") (citation and internal quotation marks omitted); **Rudich v. Metro Goldwyn Mayer Studio, Inc.**, 2008 WL 4693409 at *1 (W.D. Wis. Aug. 27, 2008) (noting under local rules of district, "lawyers may be admitted *pro hac vice* . . . without seeking admission into this court's bar").[2]

By contrast, the District of Colorado emphatically does not provide for admission *pro hac vice*.  **See** United States District Court, District of Colorado, Attorney

---

[2] In addition, *pro hac vice* fees typically are nominal. **See, e.g.**, **Halliburton Co.**, 2007 WL 2702214 at *2 ($65 fee for admission *pro hac vice*); **Burton v. R.J. Reynolds Tobacco Co.**, 395 F.Supp.2d 1065, 1077 (D. Kan. 2005) ($10 fee for admission *pro hac vice*); **Eagle Insurance Co.**, 982 F.Supp. at 1458 ($50 fee for admission *pro hac vice*).

Information, General Attorney Information, ***General Bar Admission Information*** (available at:  http://www.cod.uscourts.gov/AttorneyInformation/ GeneralAttorneyInformation.aspx) (last accessed June 7, 2017) ("PLEASE NOTE -- THERE IS NO PRO HAC VICE ADMISSION IN THE DISTRICT OF COLORADO."). Instead, "[a]ttorneys seeking to practice before the U.S. District Court for the District of Colorado must become members of the bar by completing an Application for Admission to the Bar of the Court" and paying the same $216 fee for admission to the bar as any other attorney seeking to practice in this district.  ***See id.***  Once admitted, "an attorney's membership is valid unless and until terminated by the Court."  ***Id.***

      Given this somewhat unique aspect of practice in this district, the fee paid for admission of out-of-state counsel to practice in this district is properly characterized as "for original admission of attorneys to practice" as contemplated and authorized by the Judicial Conference under the auspices of 28 U.S.C. §1914.  Such fees thus are recoverable as "fees of the clerk" under section 1920(1).  Defendant's motion accordingly will be granted.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Defendant Mountain Plains Agricultural Services'** [sic] **Motion To Review Award of Costs** [#181], filed April 6, 2017, is granted;

      2.  That defendant Mountain Plains Agricultural Service is awarded costs in the amount of $543.

Dated June 12, 2017, at Denver, Colorado.

                                            **BY THE COURT:**

                                            */s/ Robert E. Blackburn*
                                            Robert E. Blackburn
                                            United States District Judge